IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HUSSAIN KAREEM             §
                           §
       Plaintiff,          §
                           §
VS.                        §    NO. 3-10-CV-0762-B-BD
                           §
AMERICAN HOME MORTGAGE     §
SERVICING, INC., ET AL.    §
                           §
       Defendants.         §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants American Home Mortgage Servicing, Inc. ("AHMS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), R.K. Arnold ("Arnold"), and David Friedman ("Friedman") have filed a motion for summary judgment in this *pro se* civil action brought by Hussain Kareem arising out of foreclosure proceedings initiated against his property in Lawrenceville, Georgia. As best the court can decipher his pleadings,[1] plaintiff generally complains that defendants did not recognize his unilateral rescission of the loan agreement, did not have authority to foreclose on his property, unlawfully altered the loan by assigning it a new number, incorrectly reported credit information, and engaged in similar acts of wrongdoing in other foreclosure actions. Among the federal claims asserted by plaintiff are violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and unspecified federal civil rights violations. Plaintiff also asserts a number of claims under Georgia law, including

---

[1] Plaintiff's operative pleading is a Corrected Amended Verified Complaint consisting of 77 enumerated paragraphs with multiple attachments. (*See* Doc. #36).

fraud, breach of contract, wrongful foreclosure, rescission, credit libel, and violations of the Geogia statute related to the alteration of loan documents. Defendants now move for summary judgment as to all claims and causes of action. Plaintiff has filed a response to the motion, and this matter is ripe for determination.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *See Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995). This may be done by "pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Id., quoting Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.), *cert. denied*, 113 S.Ct. 98 (1992). Once the movant meets this burden, the nonmovant who has the burden of proof at trial must show that summary judgment is not proper. *See Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir), *cert. denied*, 113 S.Ct. 82 (1992). All evidence must be viewed in the light most favorable to the party opposing the motion. *See Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993).

Plaintiff's claims under the TILA, whether for rescission or actual damages, are barred by limitations. With limited exceptions not applicable here, the right to rescind a residential mortgage transaction expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]" 15 U.S.C. § 1635(f); *see also Dabney v. Chase Manhattan Mortg.*, No. 3-10-CV-0259-N, 2010 WL 4502155 at *2 (N.D. Tex. Oct. 4, 2010), *rec. adopted*, 2010 WL 4502116 (N.D. Tex. Oct. 29, 2010). A civil action to recover actual damages for violations of the TILA must be brought "within one year from the date of the occurrence of the violation[.]" *Id.*

§ 1640(e); *see also Bagwell v. Countrywide Home Loans Serv., LP*, No. 3-09-CV-1358-P, 2011 WL 1120261 at *3 (N.D. Tex. Mar. 24, 2011). Plaintiff filed this action in federal court on November 18, 2009 -- more than three years after the July 7, 2006 loan transaction made the basis of his TILA claim. As a result, that claim is time-barred.

Nor can plaintiff maintain a cause of action under the FDCPA. That statute applies only to a "debt collector," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A mortgage servicing company is not considered a "debt collector" as long as the debt was not in default at the time it was assigned. *See Bagwell*, 2011 WL 1120261 at *3, *citing Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Plaintiff offers no evidence that defendants, all of whom were involved in servicing his mortgage, are "debt collectors" under the FDCPA.

Plaintiff also alleges that defendants violated RESPA by refusing to respond to correspondence related to the assignment of a new number to his account. RESPA provides, in pertinent part:

> If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A). Not later than 60 days after receipt of a "qualified written request" from the borrower, the servicer must, *inter alia*, conduct an investigation and provide the borrower with: (1) a written explanation of why the servicer believes the account information is correct; and (2) the

name and telephone number of someone employed by the servicer who can provide assistance to the borrower. *Id.* § 2605(e)(2)(B). The summary judgment evidence shows that on September 18, 2009, AHMS acknowledged receipt of plaintiff's September 7, 2009 correspondence inquiring about his account. (*See* Def. MSJ App. at 178). Less than two months later, on November 11, 2009, the firm of Moss Codilis, LLP, on behalf of AHMS, provided plaintiff with a written explanation of the results of its investigation and the reasons why AHMS believed the account information was correct. (*Id.* at 49). Plaintiff was told he could contact the Moss Codilis firm at its toll-free number if he had any questions. (*Id.*). Other than his September 7, 2009 letter, which was timely and properly acknowledged by AHMS, plaintiff points to no other "qualified written request" for information about his loan account.[2] The court therefore concludes that defendants have complied with their obligations under RESPA.

Although plaintiff asserts a claim for civil rights violations under 42 U.S.C. §§ 1983 & 1985, he adduces no evidence that any defendant acted under "color of state law" or that their conduct was "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). Nor has plaintiff sufficiently alleged, much less proved, the existence of a civil rights conspiracy, any overt act committed by defendants in furtherance of such a conspiracy, or that the conspiracy was motivated by class-based animus. *See Hilliard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)

---

[2] A "qualified written request" is defined by RESPA as written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Plaintiff's letter to AHMS dated March 31, 2009, does not satisfy the requirements of this statute because it does not include a statement of reasons why plaintiff believes his account is in error or request other information pertaining to his account. (*See* Plf. Am. Compl., Exh. B).

(discussing elements of civil rights conspiracy under section 1985). Defendants are entitled to summary judgment as to this claim.

Most of plaintiff's claims under Georgia law are based on the belief that he was entitled to unilaterally rescind the loan and avoid the debt owed to defendants. However, Georgia law precludes rescission as a remedy where the plaintiff is still enjoying the benefits of the contract. *See* GA. CODE ANN. § 13-4-60; *Carpenter v. Curtis*, 395 S.E.2d 653, 655 (Ga. Ct. App. 1990) ("Critical to rescission is the tender of benefits, the prompt restoration or offer to restore whatever the complaining party received by virtue of the contract."). Here, plaintiff still lives in the house purchased with the proceeds of the mortgage loan he wants to rescind. There is no evidence that plaintiff has returned, or offered to return, the benefit he received from the contract. Because plaintiff has no right to rescission, he is not entitled to relief under the Georgia Code.

Similarly, plaintiff cannot sue for wrongful foreclosure or credit libel. His wrongful foreclosure claim fails because no foreclosure sale has occurred. *See Roper v. Parcel of Land*, No. 1-09-CV-0312-RWS, 2010 WL 1691836 at *2 (N.D. Ga. Apr. 23, 2010) (no claim for wrongful foreclosure under Georgia law where defendants did not proceed with foreclosure sale). Plaintiff has no cause of action for credit libel because there is no evidence he was denied a loan or charged a higher rate of interest as a result of derogatory information reported by defendants to a credit agency. *See Burch v. Chase Manhattan Mortg. Corp.*, No. 1-07-CV-0121-JOF, 2008 WL 4265180 at *15 (N.D. Ga. Sept. 15, 2008).

Plaintiff's remaining claims for breach of contract, breach of private duty, and fraud also fail as a matter of law. All these claims appear to be based on the assignment of a new number to his account. However, there is no evidence that the new number, which is different than the number reflected in the original loan documents, constitutes a material misrepresentation by defendants or

that plaintiff was damaged thereby. *See Golden Atlanta Site Dev., Inc. v. Nahai*, 683 S.E.2d 166, 171 (Ga. Ct. App. 2009) (discussing elements of fraud under Georgia law). Nor does plaintiff identify any "private duty" allegedly owed by defendants, or explain how that duty was breached. *See Burch*, 2008 WL 4265180 at *14, *citing Pardue v. Bankers First Federal Savings & Loan Ass'n*, 175 Ga.App. 814, 334 S.E.2d 926 (1985) (noting that Georgia law does not recognize a fiduciary relationship between a bank and its customers, a lender and borrower, or a mortgagee and mortgagor). Plaintiff also fails to adduce any evidence that defendants breached the loan agreement. If anyone breached the agreement it was plaintiff, who all but admits that he has failed to perform or tender performance under the note.[3]

## RECOMMENDATION

Defendants' motion for summary judgment [Doc. #83] should be granted. All claims against defendants should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

---

[3] To the extent plaintiff alleges wrongdoing by defendants in other foreclosure actions, he lacks standing to assert such a claim.

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 12, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE